# United States Court of Appeals
## For the First Circuit

---

No. 00-1297

HASBRO, INC.,

Plaintiff, Appellant,

v.

CLUE COMPUTING, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

---

Before

Torruella, Chief Judge,

Coffin, Senior Circuit Judge,

and Boudin, Circuit Judge.

---

Kenneth B. Wilson with whom Michael B. Levin, Wilson, Sonsini, Goodrich & Rosati, Richard J. McCarthy and Edwards & Angell, LLP were on brief for appellant.

Thomas A. Mullen with whom Thomas A. Mullen, P.C. was on brief for appellee.

November 7, 2000

Per Curiam.   This case involves a dispute over the right to use the word "clue" in an Internet domain name.[1]  Since 1949, residents of the United States have enjoyed playing the Clue® board game, a popular detective game in which players try to deduce the details of a fictional murder.  The name of this game was registered with the United States Patent and Trademark Office in 1950, and has been on the office's principal register ever since.  Hasbro, Inc., a toy and game manufacturer, owns the rights to the Clue® trademark and has spent millions of dollars in support of the Clue® brand name.

In June of 1994, decades after registration of the Clue® trademark, Eric Robison and Dieter Muller formed in Colorado a partnership called "Clue Computing," later incorporated as "Clue Computing, Inc."  Clue Computing engages in computer consulting and Internet access services.  Within two weeks of Clue Computing's formation, the Internet Network

_____

[1]For a brief description of the Internet and domain names, see Sporty's Farm L.L.C. v. Sportsman's Market, Inc., 202 F.3d 489, 492-93 (2d Cir.), cert. denied, 120 S. Ct. 2719 (2000), or Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 36-37 (D. Mass. 1997).

Information Center, the agency that manages the assignment of Internet domain names, approved Clue Computing's registration of the domain name "clue.com." Clue Computing now uses the domain name as the Internet address for its business web site.

In 1996, Hasbro notified Network Solutions, Inc., which administers the Internet Network Information Center, that Hasbro owned a trademark on the word "clue." Network Solutions then informed Clue Computing that its use of the "clue.com" domain name would soon be terminated. Clue Computing responded by suing Network Solutions in Colorado state court, and won a preliminary injunction against the threatened termination. Hasbro then sued Clue Computing in federal district court in Massachusetts, charging Clue Computing with infringement and dilution of the Clue® trademark, under the applicable provisions of the federal Lanham Act, 15 U.S.C. § 1125 (1994 & Supp. I 1995), and the Massachusetts anti-dilution act, Mass. Gen. Laws ch. 110B, § 12 (1998).

In an initial decision, the district court found that it had personal jurisdiction over Clue Computing. Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44-46 (D. Mass. 1997). After the parties agreed to allow the district court to act as the finder of fact with respect to the trademark dilution claims, the district court granted summary judgment in favor of

Clue Computing on Hasbro's trademark infringement claim, and decided the merits in favor of Clue Computing on Hasbro's federal and state dilution claims. Hasbro, Inc. v. Clue Computing, Inc., 66 F. Supp. 2d 117, 119 (D. Mass. 1999).

In a nutshell, the district court granted summary judgment in favor of Clue Computing on Hasbro's trademark infringement claim on the ground that there was no significant evidence to establish the likelihood of confusion necessary for conventional trademark infringement, see International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 200-01 (1st Cir. 1996); Astra Pharm. Prods., Inc. v. Beckman Instruments, Inc., 718 F.2d 1201, 1207-08 (1st Cir. 1983). The court saw very little similarity between Hasbro's products and services and those of Clue Computing. It said that about all that Hasbro showed was that over a period of years a couple of Internet surfers looking for Hasbro's Clue® site had stumbled upon the Clue Computing site, whose content strongly indicated that the site had little to do with Hasbro's business. Certainly in a case involving such disparate products and services as this, the court's refusal to enter the "initial interest confusion" thicket is well taken given the unlikelihood of "legally significant" confusion.

-4-

As for Hasbro's claim under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), the court rejected Clue Computing's claim that granting an injunction under the statute would be "impermissibly retroactive" (Clue Computing having begun using the domain name before the new dilution statute took effect); but the court found on the merits that the Clue® mark was not famous, that Clue Computing's use of the domain name did not blur or tarnish Hasbro's mark, and that in any event the equities would not justify an injunction. See generally I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27 (1st Cir. 1998). The dilution claim under state law was rejected for lack of proof of any likelihood of confusion, tarnishing, or blurring.

On this appeal, Hasbro attacks the district court's reasoning and findings both as to the infringement claim and as to the dilution claim under both the federal and state statutes. We think that the district court's thorough and careful analysis justified denial of relief. Although Hasbro has written an able brief, nothing in the discussion persuades us that the district court used incorrect legal standards, erred in determining that there were no material issues requiring trial on the infringement claim, or made clearly erroneous findings of fact on the dilution claim. Accordingly, we generally adopt the district court's analysis without needlessly repeating it.

There are two qualifications to this general endorsement. The retroactivity issue that was treated at some length by the district court is a question on which there is disagreement among various courts, and, as it does not affect the outcome, we prefer to take no position on the matter. Also, as it does not affect the result, it is unnecessary to decide here whether lack of equity would be an independent ground for denial of an injunction if Hasbro showed that its mark was famous and had been tarnished or blurred by Clue Computing.

Affirmed.