Ravi v. Barr

BIA
Hom, IJ
A205 941 618

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>             *Chief Judge,*
>       PIERRE N. LEVAL,
>       RICHARD J. SULLIVAN,
>             *Circuit Judges.*

_____

RAVI, AKA RAVI KUMAR,
>       *Petitioner,*

>       **v.**                                   **18-2127**
                                                 **NAC**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:             Jaspreet Singh, Esq., Jackson
                            Heights, NY.

FOR RESPONDENT:             Ethan P. Davis, Acting Assistant
                            Attorney General; Edward E.
                            Wiggers, Senior Litigation
                            Counsel, Nicole J. Thomas-Dorris,
                            Trial Attorney, Office of
                            Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ravi, also known as Ravi Kumar, a native and citizen of India, seeks review of a June 25, 2018 decision of the BIA affirming a July 28, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ravi Kumar,* No. A205 941 618 (B.I.A. June 25, 2018), *aff'g* No. A205 941 618 (Immig. Ct. N.Y.C. July 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). "We review *de novo* questions of

2

law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

To establish asylum eligibility, an applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). If the applicant is found to have suffered past persecution, he is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 1208.13(b)(1).

I. Past Persecution

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). Past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference between harassment and

3

persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). In evaluating past persecution, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

The agency did not err by determining that Ravi's past harm did not rise to the level of persecution. Ravi alleged two incidents lasting five to seven minutes in which he was slapped and then slapped and punched by three individuals whom he believed were members of the Congress Party. He contended that they targeted him because he was hanging posters for his own party, the Indian National Lok Dal ("INLD"). But although he stated that these incidents caused "deep injuries," he provided no description of them and did not seek any treatment. We attach small importance to his failure to seek treatment because he testified that he was threatened with death if he sought treatment. Nonetheless, speaking conclusorily of "deep injuries," Ravi provided no details. Accordingly, given the lack of specific evidence of injury and the fact that the incidents did not occur in

4

the context of an arrest or detention, we find no error in the agency's conclusion that this harm did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011) (upholding agency's conclusion that applicant's beating by family planning officials did not rise to level of persecution where it occurred prior to detention and applicant required no formal medical attention); *Beskovic*, 467 F.3d at 226 ("The BIA must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground.").

II. Fear of Future Persecution

Absent a finding of past persecution, an applicant may establish asylum eligibility based on a fear of future persecution, but the applicant must show that "he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Although a fear may be objectively reasonable "even if there is only a slight, though

5

discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). The agency did not err in determining that Ravi failed to establish a well-founded fear of future persecution because the country conditions evidence reported general corruption and criminal activity by the Congress Party, but identified attacks mainly against INLD leaders, not members, and reflected that the police had intervened to stop clashes between the parties during 2009 elections. Ravi's failure to meet his burden for asylum is also dispositive of withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

III. Torture

Ravi's CAT claim fails for the same reasons. The alleged past harm did not rise to the level of torture. *See* 8 C.F.R.

6

§ 1208.18(a)(2), (4) (defining torture as "extreme form of cruel and inhuman treatment" that "does not include lesser forms of cruel, inhuman or degrading treatment" and requiring, in relevant part, "severe physical pain and suffering" or "threat of imminent death"); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution"). And the country conditions evidence discusses general corruption and crime or attacks against party leaders and thus does not show that someone in Ravi's particular circumstances faces a likelihood of torture. *See Jian Xing Huang*, 421 F.3d at 129; *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7